UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                     :

STEVEN JOSEPH KELLY, *as Trustee/General* :
*Executor for the Steven Joseph Kelly MRP Trust,* :
                                                     :               26-CV-04105 (JAV)

                             Plaintiff,        :

        -v-                          :              MEMORANDUM
                                                       :     OPINION AND ORDER

BARCLAYS CAPITAL, INC.,                 :

                                                     :

                         Defendant.       :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On May 15, 2026, Plaintiff Steven Joseph Kelly as Trustee of the Steven

Joseph Kelly MRP Trust ("Plaintiff"), proceeding *pro se*, initiated this action against

Barclays Capital, Inc. ("Defendant") for breach of fiduciary duty and neglect in

violation of the Trust Indenture Act of 1939 ("TIA").  *See generally* ECF No. 1

("Complaint" or "Compl.").  For the reasons that follow, the Complaint is *sua sponte*

dismissed.

## BACKGROUND

### A.    Factual Allegations

Plaintiff attached to the Complaint a "Certificate of Dishonour and

Administrative Default" addressed to Defendant, a document titled "Steven Kelly

Mortgage Securitisation Report," and a document titled "Administrative Ripening

Log."  *See generally* Compl., Exs. 1-3.  The Complaint identifies Plaintiff as the

administrative agent for the STEVEN JOSEPH KELLY MRP TRUST.  Compl., Ex.

1 at 2.  According to the Complaint, Defendant, as "Indentured Trustee," failed to

act following receipt of a Notice of Adverse Claim and Notice of Default on May 7,

2026. *Id.*, ¶ 2; Compl., ¶ 2. Because Defendant failed to respond within the "ripening period," Plaintiff avers that Defendant is in a state of "administrative dishonour" and has facilitated "conversion of the trust asset," identified as Finsbury Square 2020-2 PLC, in violation of sections 315 and 316(b) of the TIA. Compl., ¶¶ 1-4. Specifically, the Complaint alleges that Defendant allowed its servicer "to proceed with a foreclosure action based on a debt that has been forensically balanced." Compl., ¶ 4.

## B.    Procedural History

Plaintiff's Proof of Service indicates that he served documents to various entities by Royal Mail in the United Kingdom but does not indicate that any document was sent to Defendant, Barclays Capital, Inc. *See generally* ECF No. 4. The Complaint states that Defendant was sent a "Certificate of Dishonour and Administrative Default" but does not indicate that the Complaint itself was served on the Defendant. Compl., ¶ 3.

Although Plaintiff filed an "Opposition to Defendant's Motion to Dismiss" on June 13, 2026, ECF No. 8, to date, Defendant has not appeared or participated in the action.

## DISCUSSION

The Complaint asserts claims under the TIA, 15 U.S.C. §§ 77aaa–77bbbb, for alleged breach of fiduciary duty. *See* Compl., ¶ 4. Its language, and that of Plaintiff's attached filings, to the extent comprehensible, appears to advance theories attributable to the sovereign citizen movement, "a loosely affiliated group

who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fed. Appx. 105, 106 n. 1 (2d Cir. 2013). First, sovereign citizens argue that "a person has a split personality: a real person and a fictional person called the 'strawman.' Adherents claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman." *Thompson v. Donald J. Trump, Inc., USA*, No. 23-CV-2025 (LTS), 2023 WL 3948906, at *2 (S.D.N.Y. June 12, 2023) (cleaned up). The strawman is often represented by spelling the individual's name in capital letters, as Mr. Kelly's trust is spelled throughout his filings. *See Thompson v. Donald J. Trump, Inc., USA*, No. 23-CV-2025 (LTS), 2023 WL 3948906, at *2 (S.D.N.Y. June 12, 2023) (cleaned up); *see generally* ECF No. 1. Plaintiff also identified his "status" as "sovereign national" in the report included with his complaint, *see* Compl., Ex. 2 at 2, and a "Natural Person," *see* ECF No. 8. Finally, certificates of "dishonor" have been used in other filings by plaintiffs asserting sovereign citizen theories, which Plaintiff included as Exhibit 1 of the Complaint. *See Johnson, Tr. for MMJ Enter. Foreign Express Tr. v. Dominion Energy S.C., Inc.*, No. CV 3:25-6161-JFA-SVH, 2025 WL 2585513, at *3 (D.S.C. July 3, 2025); *Balash-Ioannidou v. Contour Mortg. Corp.*, No. 22-CV-4506 (AMD) (LB), 2022 WL 3358082, at *2 (E.D.N.Y. Aug. 15, 2022) (observing that action by sovereign citizen adherent who attempted to rely on "notary

3

presentments" and "certificates of dishonor" to demonstrate satisfaction of a debt was frivolous).

This Court "has the inherent power to dismiss without leave to amend or replead where the substance of the claim pleaded is frivolous on its face, or where amendment would otherwise be futile." *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 455 (E.D.N.Y.), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *aff'd*, 125 F.4th 397 (2d Cir. 2025). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). Sovereign citizen theories "have been consistently rejected by federal courts as legally frivolous." *Barton v. Clark*, No. 23 CIV. 5827 (LGS), 2023 WL 6929178, at *6 (S.D.N.Y. Oct. 19, 2023). Therefore, this action must also be dismissed on this basis even when construed liberally as a pro se pleading. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).

The submitted papers also fail to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "complaint that is so poorly composed as to be functionally illegible is subject to dismissal under Rule 8." *Avramham v. N.Y.*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020) (cleaned up). Here, the complaint includes as allegations that the "the Trustee has failed to rebut the Trust's superior

4

beneficial interest or address the 26-digit IRMF fingerprint proving the debt is balanced at the U.S. Treasury," or "[The Defendant] allow[ed] its Nominee to proceed with a foreclosure action based on a debt that has been forensically balanced, where the Original Issue Discount ($OID$) is equivalent to the face value ($OID = \text{Face Value} - \text{Issue Price } \$0.00$)." Compl. at 1. The Complaint is therefore incomprehensible on its face.

Finally, in his Civil Cover Sheet, the Plaintiff to this action is named as the Steven Joesph Kelly MRP Trust, ECF No. 2, with Mr. Kelly proceeding as the Trustee of such trust. But a trust cannot proceed *pro se* in an Article III court. The statute governing appearances in federal court, 28 U.S.C. § 1654, only allows two types of representation: "'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991). Accordingly, "[t]he statute does not permit 'unlicensed lay[persons] to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Associates,* 926 F.2d at 1308). "Thus, a nonlawyer trustee cannot bring claims on behalf of a trust." *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 24-CV-7633 (LTS), 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024) (citing *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007)).

## CONCLUSION

Accordingly, this action is **DISMISSED**, and the Clerk is directed to close this case.

SO ORDERED.

Dated:  June 16, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge