UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN JOSEPH KELLY,

Plaintiff,

-v-

BARCLAYS CAPITAL INC,

Defendant.

26-CV-04105 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Steven Joseph Kelly as Trustee of the Steven Joseph Kelly MRP Trust ("Plaintiff"), proceeding *pro se*, brought this action against Barclays Capital, Inc. ("Defendant") for breach of fiduciary duty and neglect in violation of the Trust Indenture Act of 1939 ("TIA"). *See generally* ECF No. 1 ("Complaint."). This Court dismissed the Complaint *sua sponte* without Defendant's appearance or participation in this action. ECF No. 9 ("Order"). Presently before the Court is Plaintiff's motion for relief from dismissal under Federal Rule of Civil Procedure Rule 60(b). ECF No. 10 ("Motion for Relief"). For the reasons that follow, the Motion for Relief is DENIED.

## BACKGROUND

### A. Factual Allegations

Plaintiff attached to the Complaint a "Certificate of Dishonour and Administrative Default" addressed to Defendant, a document titled "Steven Kelly Mortgage Securitisation Report," and a document titled "Administrative Ripening

Log." *See generally* Compl., Exs. 1-3. The Complaint identifies Plaintiff as the administrative agent for the STEVEN JOSEPH KELLY MRP TRUST. Compl., Ex. 1 at 2. According to the Complaint, Defendant, as "Indentured Trustee," failed to act following receipt of a Notice of Adverse Claim and Notice of Default on May 7, 2026. *Id.*, ¶ 2; Compl., ¶ 2. Because Defendant failed to respond within the "ripening period," Plaintiff avers that Defendant is in a state of "administrative dishonour" and has facilitated "conversion of the trust asset," identified as Finsbury Square 2020-2 PLC, in violation of sections 315 and 316(b) of the TIA. Compl., ¶¶ 1-4. Specifically, the Complaint alleges that Defendant allowed its servicer "to proceed with a foreclosure action based on a debt that has been forensically balanced." Compl., ¶ 4.

In the Motion for Relief, Plaintiff claims to have "restructure[ed] these facts into standard, narrative-driven property law breaches" under the TIA. Mot. for Relief at 3. The breaches Plaintiff identifies are "ex nihilo credit accounting" by Defendant, the fact that the "initial issue price" of unspecified debt "was mathematically zero," and a defect in Defendant's legal title at the time it initiated a "local property eviction over 5 Murray Terrace, Durham." *Id.* at 2-3.

**B. Procedural History**

Plaintiff filed the Complaint against Defendant on May 15, 2026. ECF No. 1. Defendant has not appeared or participated in this action, but Plaintiff additionally filed an "Opposition to Defendant's Motion to Dismiss" on June 13, 2026. ECF No. 8. This Court dismissed the Complaint *sua sponte* on June 17, 2026. ECF No. 9.

On July 8, 2026, Plaintiff moved for relief from the Court's order of dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 10. Plaintiff' argues that his choice to proceed as an unlicensed layperson in a representative capacity and his use of "non-standard legal phrasing and factual assertions deemed incomprehensible" constitute inadvertent errors that warrant an opportunity to submit an amended pleading. *Id.* at 1-2.

**LEGAL STANDARD**

As relevant here, Rule 60(b) permits the court to relieve a party from a final order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A 'mistake' under Rule 60(b)(1) includes a judge's error of law." *Kemp v. United States*, 596 U.S. 528, 533 (2022). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts generally require that the evidence in support of the motion to vacate a final judgment be highly convincing." *Acklin v. Eichner*, No. 20-CV-7042-GHW, 2024 WL 4826799, at *8 (S.D.N.Y. Nov. 18, 2024), *aff'd*, No. 25-3-CV, 2025 WL 3640223 (2d Cir. Dec. 16, 2025).

"A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990)). However, Rule 60(b) motions "are generally granted only upon a showing of exceptional circumstances." *Mendell*, 909 F.2d at 731; *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (holding that Rule 60(b) motions are "extraordinary judicial relief" that can be granted "only upon a showing of exceptional circumstances."). With this

requirement, Rule 60(b) serves to "strike a balance between the interests of fairness and the finality of judgments." *Broadway v. City of New York*, 96-CV-2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

Additionally, "a litigant's pro se status is not enough to justify granting Rule 60(b) relief by itself." *Callahan v. City of New Haven Bd. of Ed.*, 3:17-CV-617 (JAM), 2020 WL 4586487, at *2 (D. Conn. Aug. 10, 2020). ). "[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel." *Broadway*, 2003 WL 21209635, at *3.

**DISCUSSION**

Plaintiff presents no "exceptional circumstances" that would justify the "extraordinary relief" of revisiting its final judgment in this case. *Nemaizer*, 793 F.2d at 61. Rather, the Motion for Relief largely restates the "non-standard legal phrasing" and "incomprehensible" allegations that merited dismissal of his original pleadings. Mot. for Relief at 1.

Mr. Kelly primarily argues that his "mistake" in initiating this action on behalf of an artificial entity should be excused, and that he should be permitted to amend his pleading to allege claims on his individual behalf. *Id.* Mr. Kelly characterizes the basis for the dismissal of his action as "a curable, threshold technical or procedural defect in a *pro se* submission," which justifies a grant of relief "to ensure the dispute is evaluated on its actual substantive merits." *Id.*

Yet the Order explained that the defects in Plaintiff's pleading went well beyond the technical, and that amendment would be futile because the Complaint

was "legally frivolous" and "incomprehensible on its face." Order at 4-6. As this Court noted in its Order, "sovereign citizen" theories like Plaintiff's "'have been consistently rejected by federal courts.'" Order at 4 (citing *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

Mr. Kelly asserts that, if given leave to replead, he would "submit an amended pleading translated entirely into standard, dry corporate legal prose," and that he would withdraw "all sovereign citizen taxonomic markers, unilateral default registries, and incomprehensible prose." Mot. for Relief at 2. Yet the Motion for Relief makes clear that, were Plaintiff to be granted relief under Rule 60(b)(1), he would continue to press the same incoherent legal theories advanced in the Complaint. For example, Mr. Kelly asserts that his contemplated action would "center[] on a documented accounting conflict under the Werner Credit Creation Equation, demonstrating that the originating bank expanded both sides of its balance sheet concurrently without advancing prior corporate reserves." *Id.* at 2. This echoes the claims that this Court has already deemed frivolous. *See* Compl., Ex. 2 at 3 ("[T]he debt is balanced ex nihilo"). *Compare* Opp. to Mot. to Dismiss at 2 ("Empirical studies . . . conducted by monetary economists such as Professor Richard Werner . . . confirm that private commercial banks create new book money ex nihilo."); Mot. for Relief at 3 ("[T]he Original Issue Discount asset was equivalent to the entire face value.") *with* Compl. at 1 ("[T]he Original Issue Discount ($OID$) is equivalent to the face value."); Mot. for Relief at 3 (asserting there was an "unrecorded 'Registration Gap' under Section 27 of the UK Land

Registration Act 2002" when Defendant "initiated a local property eviction") *with* Compl. Ex. 2 at 5 (asserting that there was a "critical procedural failure under Section 27 of the UK Land Registration Act 2002" because Defendant "initiated foreclosure actions" during a "registration gap").

Rule 17(a)(3) is similarly unavailing. That Rule provides that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Yet this Court did not dismiss this action because of a failure to name the real party in interest. And as discussed above, permitting Mr. Kelly to pursue a claim on his own behalf would not cure the fundamental pleading defects.

**CONCLUSION**

Accordingly, Plaintiff's Motion for Relief from Dismissal is DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 10 and to close this case.

SO ORDERED.

Dated: November 18, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge